**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MUSICIANS UNION, AFM LOCAL 6, Affiliated with the American Federation of Musicians, Respondent.**

No. 90–70466.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 1991.

Decided March 31, 1992.

**843**

John H. Fawley, N.L.R.B., Washington, D.C., for petitioner.

David A. Rosenfeld, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for respondent.

Before: POOLE, REINHARDT and FERNANDEZ, Circuit Judges.

POOLE, Circuit Judge:

### OVERVIEW

The National Labor Relations Board ("NLRB") petitions the court for enforcement of an order issued against Musicians Union, AFM Local 6, affiliated with the American Federation of Musicians ("the Union"). The NLRB found that the Union picketed Don Lewis, a self-employed musician, with the object of forcing him to join the Union in violation of section 8(b)(4)(ii)(A) of the National Labor Relations Act ("the Act"). We have jurisdiction pursuant to 29 U.S.C. § 160(e), and we affirm.

### FACTS AND PROCEEDINGS BELOW

Don Lewis is a musician who sings and plays computer-enhanced keyboard instruments. He is self-employed and does not employ or play with any other musicians. Lewis is also a member of the National Association of Orchestra Leaders, a trade organization representing orchestra leaders, band leaders, and self-employed musicians.

Jack Krouscup, a bandleader and subcontractor for the Hyatt Regency hotel in Oakland, California, booked Lewis to perform at the hotel on various dates in 1984. On December 18, 1984, the Union's attorney sent a letter to the attorney for the Hyatt stating that the Union intended "to ask the public in the form of informational picketing not to 'patronize' the music of non-union musicians or of musicians who are paid below our prevailing standard" and that the "picketing will, of course, be directed at the employer performing at the hotel." The letter also stated that the Union was not seeking recognition from Hyatt or Krouscup at that time. The Union requested assistance from Hyatt "to remedy the problems ..."

In a second letter to Krouscup's attorney, the Union's attorney stated that "music being performed at the Oakland Hyatt Regency was being done on a non-union basis and/or at rates below the Union's standard." This letter also stated that there was no basis for the Union to seek recognition from Krouscup "at this point."

From December 20 through December 31, 1984, the Union picketed Lewis while he was performing at the Hyatt with signs bearing the following legend:

To The Public
Don Lewis
Non–Union Musician
Is
Unfair to Musicians Union
Local 6
Musicians Union 6, AFM, AFL–CIO
No Dispute With Any Other
Employer or Person

There is no evidence that any representative of the Union contacted Lewis to con-

vince him to join the Union. There is also no independent evidence, other than the picket signs, that the Union intended to induce Lewis to join the Union.

On January 23, 1985, the National Association of Orchestra Leaders filed an unfair labor practices charge. In response, the Regional Director for Region 32 of the NLRB issued a Complaint and Notice of Hearing on May 8, 1985 against Musicians Union, AFM Local 6, alleging that, by picketing, the Union violated section 8(b)(4)(ii)(A) of the Act which prohibits a union from using coercion with the object of forcing a self-employed person or employer to join the union. The Administrative Law Judge concluded that the NLRB's general counsel had not established that the Musicians Union's picketing had the proscribed object of forcing or requiring Lewis to join the Union and dismissed the complaint in its entirety.

The NLRB's general counsel and the National Association of Orchestra Leaders filed exceptions to the Administrative Law Judge's decision. On review, the NLRB panel concluded that the Union had violated section 8(b)(4)(ii)(A). The NLRB ordered the Union to cease and desist from threatening, coercing, or restraining Don Lewis with an object of forcing or requiring him to join the Union. The NLRB also ordered that the Union take the following affirmative action: (a) post an appropriate remedial notice at its business offices and meeting halls; (b) furnish copies of the notices for posting by the Hyatt Regency/Oakland, if willing, at its Oakland, California place of business; and (c) notify the Regional Director in writing within 20 days of the order what steps the Union has taken to comply. The NLRB applies to this court for enforcement of this order.

### STANDARD OF REVIEW

NLRB decisions will be upheld if substantial evidence supports the NLRB's findings of fact and if the NLRB has properly applied the law. *NLRB v. Electrical Workers Local 77*, 895 F.2d 1570, 1573 (9th Cir.1990). Substantial evidence exists if "there is 'such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence.'" *Id.* (quoting *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir.1987)). In doubtful situations, the court must give weight to the NLRB's application of the Act. *NLRB v. Denver Bldg. and Constr. Trades Council*, 341 U.S. 675, 692, 71 S.Ct. 943, 953, 95 L.Ed. 1284 (1951).

### DISCUSSION

Under section 8(b)(4)(ii)(A) of the Act it is an unfair labor practice for a labor organization

> (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—
>
> (A) forcing or requiring any employer or self-employed person to join any labor or employer organization ...

29 U.S.C. § 158(b)(4)(ii)(A) (1973).

The NLRB concluded that the Union violated the above section because the Union's picketing of Lewis was done with an object of forcing Lewis to join the Union. The Union contests this conclusion. The Union claims that: (1) the NLRB incorrectly presumed that the Union's purpose was to force Lewis to join the Union; (2) the NLRB's finding of a section 8(b)(4)(ii)(A) violation cannot be reconciled with the Union's rights under the section 8(b)(7)(C) publicity provision; and (3) the NLRB's interpretation of section 8(b)(4)(ii)(A) violated the First Amendment to the United States Constitution.

### I. *Motivation for the Union's picketing.*

The Union first claims that the NLRB incorrectly presumed that its purpose in picketing Lewis was to force Lewis to join the Union. The Union cites *NLRB v. Ironworkers Local 433*, 850 F.2d 551 (9th Cir. 1988), to support this claim. In *Ironworkers*, this circuit rejected the NLRB's conclusion "that any threat to picket a primary employer at a common situs will be conclusively presumed to have an unlawful purpose unless the union proclaims that its

picketing will be conducted in a lawful manner." *Id.* at 557.

◼ The Union's reliance on *Ironworkers* is misplaced. Here, the NLRB did not make any presumption based upon the Union's threat to picket. Rather, the NLRB reasonably relied on the plain language of the actual picket signs to infer that the object of the Union's picketing was to force Lewis, a self-employed person, to join the Union—an unlawful objective under 8(b)(4)(ii)(A). The picket signs first indicated that Lewis is a "Non–Union Musician" and then stated that Lewis was "Unfair to Musicians Union, Local 6." They also stated that the Union had no argument with any other person or employer. From this, it was fair to infer that the Union did have a dispute with Lewis. It was also fair to infer that the reason that the Union considered Lewis unfair was that he was not a member. Thus, it follows that the Board legitimately inferred that the dispute that underlay the picketing was over Lewis's refusal to join the Union, and that there was substantial evidence in the record supporting the Board's finding of an unlawful objective.

◼ Under 8(b)(4)(ii)(A), once the Board established the fact that *an* objective of the picketing was to force an employer or self-employed person to join the Union, a violation is proven. It does not matter whether the Union had additional objectives. *NLRB v. Denver Bldg. & Const. Trades Council,* 341 U.S. 675, 689, 71 S.Ct. 943, 951, 95 L.Ed. 1284 (1951). Therefore the Board's finding of an unlawful objective— that *a* purpose was to force Lewis to join the Union—was sufficient to establish a violation of section 8(b)(4)(ii)(A).

II. *Interference with the Union's rights under the section 8(b)(7)(C) publicity proviso.*

◼ The Union also claims that the NLRB's conclusion interferes with the Union's rights under the section 8(b)(7)(C) publicity proviso and, therefore, renders section 8(b) inconsistent. Section 8(b)(7)(C) contains a proviso which allows a union to lawfully picket an employer "for the pur-

pose of truthfully advising the public (including consumers) that an employer does not employ members of, or have a contract with, a labor organization ..." 29 U.S.C. § 158(b)(7)(C) (1973). The proviso does not on its face apply to section 8(b)(4) picketing. However, in this case we need not decide whether there is a similar right to engage in informational or consumer picketing, since that is not what the Union did here. It engaged in organizational, not informational or consumer picketing.

III. *Violation of Union's First Amendment Rights.*

Finally, the Union, citing *NLRB v. Fruit & Vegetable Packers,* 377 U.S. 58, 63, 84 S.Ct. 1063, 1066, 12 L.Ed.2d 129 (1964) (*Tree Fruits*) and *DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council,* 485 U.S. 568, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988), claims that the NLRB's conclusion violates its right under the First Amendment to publicize a dispute. As we have already noted, the Union did not engage in informational or consumer picketing in this case. Rather, the picketing was conducted for the purpose of compelling a self-employed person to join the Union. Thus, no constitutional issue is presented.

*CONCLUSION*

There is substantial evidence to support the NLRB's conclusion that the Union violated section 8(b)(4)(ii)(A) by picketing Lewis. From the language of the picket signs, the NLRB could reasonably infer that the Union was attempting to force Lewis to join it. That such was *an* objective of the picketing is sufficient to establish a violation. Because the Union did not engage in informational or consumer picketing, no First Amendment issue arises. Nor need we consider any other issue relating to the Union's claim that it has a right to engage in informational or consumer picketing under the act.

AFFIRMED.